IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 97-0099-WS |
| ) | |
| GEORGE ALLUMS, JR., ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter comes before the Court on defendant's *pro se* filing styled "Motion for Reconsideration of Sentence" (doc. 2228). In that Motion, defendant George Allums, Jr., argues that this Court should revisit the question of whether he should have received the three-level enhancement for role in the offense that Judge Vollmer applied at the original sentencing proceeding conducted on August 19, 1998. To support this claim, Allums relies on a pair of recent unpublished appellate decisions, to-wit: *United States v. Cisneros*, 2011 WL 1743944 (11th Cir. May 6, 2011), and *United States v. Black*, 2011 WL 1168819 (11th Cir. Mar. 31, 2011).

The fundamental problem with Allums' Motion is that, as this Court has explained to him previously, "[t]he authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010); *see also United States v. Jackson*, 613 F.3d 1305, 1308 (11th Cir. 2010) ("A district court may not modify a term of imprisonment once it has been imposed, except in some cases where modification is expressly permitted by statute or Fed.R.Crim.P. 35."); *United States v. Allums*, 2010 WL 1382035, *1 (S.D. Ala. Apr. 1, 2010) (similar). This Motion seeks relief that goes far beyond such narrow limitations.

Although Allums does not identify the statute or rule that he contends authorizes this Court to reduce his sentence, the only conceivable provision that he could be invoking is 18 U.S.C. § 3582(c)(2). But this statute is quite limited, and applies only in certain narrowly circumscribed situations. *See, e.g., Dillon v. United States*, --- U.S. ----, 130 S.Ct. 2683, 2691, 177 L.Ed.2d 271 (2010) ("Section 3582(c)(2)'s text, together with its narrow scope, shows that Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding."); *United States v. Melvin*, 556 F.3d 1190, 1193 (11th Cir.

2009) (explaining that "[t]he district court was only permitted under § 3582(c)(2) to reduce Melvin's sentences consistent with the applicable policy statements of the Sentencing Commission"); *United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005) ("Section 3582 only provides a district court with the discretion to reduce a sentence following the lowering of a sentencing range by the Sentencing Commission."); *United States v. Armstrong*, 347 F.3d 905, 907 (11th Cir. 2003) ("Any retroactive reduction in sentence subsequent to a motion filed under § 3582(c)(2) must be consistent with applicable policy statements issued by the Sentencing Commission.").

Allums' present Motion plainly does not fit within the narrow parameters of § 3582(c)(2). He makes no argument that the guidelines range pursuant to which he was sentenced has subsequently been lowered by the Sentencing Commission. For example, he does not predicate his Motion on the recent Amendment 750, which has been given retroactive effect to reduce the base offense level associated with certain crack cocaine offenses. Nor would Allums be eligible for relief under Amendment 750 in any event, inasmuch as his Guidelines range was computed pursuant to a drug quantity finding of powder cocaine, not crack cocaine. Simply put, there is no evidence, no indication, and no reason to believe that any aspect of Allums' sentencing range has subsequently been lowered, much less that applicable policy statements issued by the Sentencing Commission would allow for retroactive application of the reduction. Rather, Allums is attempting to gain a resentencing proceeding based on what he perceives to be evolving jurisprudence for sentencing enhancements for role in the offense pursuant to U.S.S.G. § 3B1.1(b), as well as his own post-sentencing rehabilitation (including Allums' representation that he has been a "model prisoner" for the last 14 years).[1] None of these circumstances

---

[1] As to the latter point, Allums' reliance on the Supreme Court's ruling last year in *Pepper v. United States*, --- U.S. ----, 131 S.Ct. 1229 (2011), is misplaced. *Pepper* is readily distinguishable. The fundamental holding in *Pepper* was that "when a defendant's sentence has been set aside on appeal and his case remanded for resentencing, a district court may consider evidence of a defendant's rehabilitation since his prior sentencing." 131 S.Ct. at 1241. Unlike the defendant in *Pepper*, however, Allums has not had his sentence set aside on appeal. He has not been granted a resentencing proceeding. Nothing in *Pepper* would afford a defendant such as Allums an independent right to request a resentencing hearing for the purpose of considering post-sentencing rehabilitation. And § 3582(c)(2) does not authorize district courts to undertake wholesale modification of a sentence whenever they may wish, or to make any change in the absence of a retroactively applicable Guideline amendment, which simply does not exist here.

authorize this Court to modify Allums' imprisonment sentence under § 3582(c)(2) or any other provision of law.

For all of these reasons, the "Motion for Reconsideration of Sentence" (doc. 2228) is **denied**.

DONE and ORDERED this 1st day of February, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE