# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 97-0099-WS |
| | ) |
| MICHAEL JEROME FILES, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter comes before the Court on defendant Michael Jerome Files' *pro se* filing styled "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (doc. 2314).

The obvious, threshold problem with Files' purported § 2255 Petition is that he has traveled down this path before. Indeed, the court file reflects that Files submitted his first § 2255 motion for filing on September 29, 2003. (*See* doc. 1794.) The undersigned entered an Order (doc. 1942) denying that § 2255 motion on the merits on January 18, 2005, and the Eleventh Circuit Court of Appeals dismissed the ensuing appeal on April 15, 2005. (Doc. 1969.)

Now, Files purports to file a second, successive § 2255 Petition to attack the same underlying conviction and sentence. In doing so, however, Files has not adhered to the proper procedure because he has neither requested nor received prior authorization from the Eleventh Circuit to pursue such a petition. *See, e.g.,* 28 U.S.C. § 2255(h) ("[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals"); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) (AEDPA "requires that before a second or successive motion or petition is filed, the petitioner first must obtain an order from the court of appeals authorizing the district court to consider it"); *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) ("The AEDPA provides that, to file a second or successive § 2255 motion, the movant must first file an application with the appropriate court of appeals for an order authorizing the

district court to consider it."); *In re Joshua*, 224 F.3d 1281 (11th Cir. 2000) ("Federal prisoners seeking to file a second or successive motion to vacate, set aside or correct a sentence must move the court of appeals for an order authorizing the district court to consider the second or successive motion."). "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." *Holt*, 417 F.3d at 1175; *see also Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007) ("[w]ithout such authorization, the district court lacked subject matter jurisdiction to consider the successive petition"); *Ramos v. Warden, FCI Jesup*, 2012 WL 6699114, *2 (11th Cir. Dec. 26, 2012) (without prior authorization from the court of appeals, "the district court lacks jurisdiction to consider a second or successive § 2255 motion"); *United States v. Lockhart*, 2012 WL 2947406, *1 (11th Cir. July 20, 2012) ("Absent such permission, the district court lacks jurisdiction to address the § 2255 motion and must dismiss it.").

Simply put, if Files wishes to file a second or successive § 2255 petition, he must present that request to the Eleventh Circuit Court of Appeals, not to this Court. He has not done so. In light of that omission, this Court lacks jurisdiction to consider Files' second or successive § 2255 petition. For that reason, the petition (doc. 2314) must be, and is, **dismissed**. In light of the clarity and unanimity of the applicable authorities (and given petitioner's demonstrated propensity to appeal from every adverse ruling, as evidenced by his six previous Notices of Appeal in this matter), the Court **certifies** that any appeal from this Order would be plainly frivolous and not in good faith. Accordingly, Files will not be permitted to pursue an appeal *in forma pauperis*.

DONE and ORDERED this 18th day of June, 2013.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE